IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANNY T.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20 C 2992 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Danny T.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 22] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 28] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On October 15, 2014, Plaintiff filed a claim for DIB, alleging disability since December 4, 2013. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 9, 2016. On May 17, 2017, the ALJ denied Plaintiff's claim for DIB, finding him not disabled under the Social Security Act. Plaintiff then appealed to this Court, and, on January 31, 2019, pursuant to an agreed motion, the Court remanded the matter and instructed the ALJ to reassess Plaintiff's impairments, reassess the medical opinion evidence, and reassess Plaintiff's residual functional capacity.

After remand, the Social Security Administration Appeals Council directed the ALJ to further evaluate the nature and severity of Plaintiff's shoulder impairment, further consider Plaintiff's maximum residual functional capacity, and obtain supplemental evidence from a vocational expert ("VE") to clarify the effect of the assessed limitations on Plaintiff's occupational base. Another hearing before the same ALJ was held on January 9, 2020. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A medical expert ("ME") and a VE also testified. On January 29, 2020, the ALJ again denied Plaintiff's claim for DIB, finding him not disabled under the Act. The Appeals Council then denied Plaintiff's request for review, leaving the ALJ's January 29, 2020 decision as the final decision

of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of December 4, 2013. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; spinal stenosis, status post decompression procedure of the lumbar spine (with residual mild degenerative disc disease and degenerative joint disease); degenerative joint disease of the shoulders, bilaterally; degenerative joint disease of the knees, bilaterally; and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a listed impairment.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can lift and carry 10 pounds occasionally, and less than 10 pound frequently; can push or pull as much as can lift and carry; can sit for 6 hours out of an 8-hour workday; can walk for 2 hours out of an 8-hour workday; can stand for 2 hours out of an 8-hour workday; can occasionally reach overhead to the left, frequently reach overhead to the right, and can frequently reach in all other directions, bilaterally; can frequently handle or finger items, bilaterally; can

3

occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; can occasionally balance, kneel, stoop, or crouch, but never crawl; and can never have exposure to unprotected heights, moving mechanical parts, or prolonged exposure to vibration.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a construction laborer. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## **DISCUSSION**

### I.     ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

4

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019)

(citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred in failing to explain if or how he considered Plaintiff's subjective allegations that addressed the intensity, persistence, and limiting effects of his pain and symptoms; (2) the ALJ erred in weighing the medical opinion evidence; and (3) the ALJ erred in assessing Plaintiff's RFC.

In advancing his third argument, Plaintiff contends, *inter alia*, that the ALJ failed to adequately account for his expressed need to lie down to alleviate pain. Pertinent to that topic, at the first hearing, Plaintiff testified that he would "lay down for some relief during the day" for approximately ten minutes "to try to get rid of the real aggravating pain." (R. 54-55.) At the second hearing, Plaintiff testified that he continues to lay down on an exercise table which "brings some relief" from his pain. (*Id.* at 1366.) In her January 29, 2020 decision, the ALJ noted Plaintiff's reports "that, at home, he will lie down flat on his back, on the floor, to alleviate stress on his back." (*Id.* at 1299.) However, aside from noting Plaintiff's allegations

7

in that regard, as Plaintiff points out, the ALJ's decision does not otherwise address Plaintiff's asserted need to lie down during the day in any manner.

"An ALJ errs when the RFC fails to account for a claimant's allegation that he needs to lie down." *Tincher v. Colvin*, No. 13 C 8410, 2015 U.S. Dist. LEXIS 90961, at *25 (N.D. Ill. July 14, 2015) (citation omitted). Accordingly, in completely failing to address Plaintiff's allegations concerning his need to lie down, the ALJ erred. *See Eula M. v. Berryhill*, No. 17 C 6669, 2019 U.S. Dist. LEXIS 84685, at *23 (N.D. Ill. May 20, 2019) ("The ALJ was required to explain either (1) why plaintiff's testimony could not be accepted or (2) why she could work on a full-time basis despite her alleged need to lie down for three hours when she experienced migraines."). The ALJ's error was not harmless, as the VE testified that Plaintiff would not be allowed to lie down in the workplace. (R. 1377.)

Ultimately, the ALJ's failure to account for Plaintiff's asserted need to lie down requires that this matter be remanded. *See Gibson-Jones v. Chater*, No. 96-2626, 1997 U.S. App. LEXIS 7640, at *13 (7th Cir. Apr. 14, 1997) ("We therefore . . . remand the case to the ALJ so that he may identify more specific medical evidence supporting his rejection of [the claimant's] testimony that she needed to lie down daily. The ALJ must more specifically articulate his reasons for believing that [the claimant's] testimony is contradictory and inconsistent. If the ALJ is unable to articulate more specific reasons, he must award [the claimant] the relief she requests because, if she needs to lie down daily, she will be unable to perform even sedentary work with a sit/stand option."); *Wesolowski v. Colvin*, No. 15 C 8830, 2016

U.S. Dist. LEXIS 144261, at *11 (N.D. Ill. Oct. 18, 2016) ("The ALJ also failed to explain why he did not include Wesolowski's need to lie down intermittently. On remand, the ALJ should expand the record if necessary in order to properly determine Wesolowsi's RFC.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's subjective symptoms are properly evaluated and the medical opinions are properly weighed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 22] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 28] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

*Maria Valdez*

**DATE:      January 31, 2022**

                                                 **HON. MARIA VALDEZ**
                                                 **United States Magistrate Judge**

9